**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4507

TERRANCE LAMONT MOORE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-98-13)

Submitted: July 31, 2000

Decided: August 16, 2000

Before WILKINS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terrance Lamont Moore appeals his criminal conviction for armed bank robbery and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C.A. § 924(c)(1) (West 2000) and 18 U.S.C.A. §§ 2113(a), (d) (West Supp. 2000). We affirm.

Moore's counsel raises one issue on appeal--that the district court's isolated comment that one law enforcement witness was testifying to the truth, made in response to Defense questions as to which side the officer was testifying for, constituted bias and impermissible vouching for a witness so as to deprive Moore of a fair trial.

Because Moore's attorney raised no objection to this below, the claim is reviewed for plain error. To establish plain error, Moore must show: (1) there was an error; (2) the error was plain or clear under current law; (3) the error affected substantial rights so as to prejudice him; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. See United States v. Olano, 507 U.S. 725, 732 (1993).

In United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir. 1994), this Court held that the failure to object to the district court's interference and questioning of witnesses at trial precludes appellate review with one exception: when the district court's comments are so prejudicial that they deny a party a fair trial. Moore is unable to establish such a deprivation. Reviewing the entire trial transcript with an eye toward the demeanor and conduct of the trial judge, the isolated remark at issue appears to be just that--i.e. an isolated incident.

Moreover, as the Government notes, the court instructed the jurors prior to trial that they were the sole triers of credibility and that it was up to them to determine which witnesses to believe and which ones

2

not to believe. Likewise, as part of the jury instructions prior to deliberation, the court reminded the jurors that they should decide whether they believed each witness. In giving this instruction the court specifically addressed the issue of law enforcement witnesses, stating that the status of these witnesses did not mean that their testimony was entitled to greater weight, and that it was legitimate for defense counsel to attack the credibility of a law enforcement witness "on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case."

In light of these facts, we find that the challenged remark, viewed in the context of the entire trial, did not suggest a belief by the court that Moore was guilty and thus deny him of a fair trial.

In addition to the claims raised by counsel, Moore has moved to file a pro se supplemental brief. We grant this motion. In this brief, Moore contends that the Government engaged in several acts of prosecutorial misconduct before and during trial, including withholding evidence from the grand jury, withholding evidence from the Defense in violation of Brady v. Maryland, 373 U.S. 83 (1963), engaging in improper cross-examination, and improperly vouching for its witnesses. Moore also claims that the district court erred in denying the jury's request, made after the close of evidence, to view a tatoo on Moore's hand. Our review of these claims reveals them to be without merit. Accordingly, we affirm Moore's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3